

JS-6

Gregory A. Wedner, SBN 067965
Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone: (916) 329-7433
Facsimile: (916) 329-9050
gwedner@lozanosmith.com
ssimmons@lozanosmith.com

Attorneys for Defendant
West Covina Unified School District

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G., a minor, by his mother, S.G., as his next friend; and S.G.<br><br>Plaintiff,<br><br>vs.<br><br>West Covina Unified School District<br><br>Defendant | Case No. CV-09 2694 MMM (CTx)<br><br>[PROPOSED] ORDER (1) APPROVING COMPROMISE AND RELEASE AGREEMENT and (2) RESERVING AND RETAINING JURISDICTION TO RESOLVE DISPUTES BETWEEN THE PARTIES REGARDING IMPLEMENTATION OF COMPROMISE AND RELEASE AGREEMENT TERMS<br><br>Honorable Margaret M. Morrow<br><br>Hearing Date: 10/10/2009<br>Time: 10:00 a.m.<br>Courtroom: 780 |

THE COURT, having read and considered the parties' JOINT APPLICATION TO APPROVE COMPROMISE AND RELEASE AGREEMENT, the SUPPORTING DECLARATION OF GREGORY A. WEDNER, the unredacted and executed version of the parties' COMPROMISE AND RELEASE AGREEMENT, and, after conducting a hearing in open court, with the parties and counsel of record present to explain the terms of the COMPROMISE AND RELEASE AGREEMENT as well as respond to inquiries

from the Court, and the Court being satisfied that the COMPROMISE AND RELEASE AGREEMENT will serve the best interests of the minor, plaintiff A.G.,

IT IS HEREBY ORDERED as follows:

1. The parties' COMPROMISE AND RELEASE AGREEMENT, attached to the JOINT APPLICATION TO APPROVE COMPROMISE AND RELEASE AGREEMENT, is hereby APPROVED and accepted by the Court.

2. Pursuant to section 3(a) of the COMPROMISE AND RELEASE AGREEMENT, the Court will, until December 30, 2013, reserve and retain jurisdiction to hear and resolve any disputes that may arise in the implementation of the terms of the COMPROMISE AND RELEASE AGREEMENT, including, but not limited to, any claim that the trustee has improperly denied or delayed funding for goods or services or any claim that funds have been used for noneducational purposes. Any such dispute heard and resolved by the Court shall entitle the prevailing party to recover reasonable attorney's fees from the other party.

Dated: October 23, 2009

_Margaret M. Morrow_
Margaret M. Morrow
United States District Judge

**COMPROMISE AND RELEASE AGREEMENT**
███████████ and Sandra Greenberg v. West Covina Unified School District
United States District Court for the Central District of California
Case No. CV 09- 2694 ███████████
September 15, 2009

This Compromise and Release Agreement ("Agreement") is between ███████████ ███████████ ("A.G."), by and through his mother, SANDRA GREENBERG ("S.G."), both in her individual capacity and as A.G.'s next friend, (collectively referred to as "Plaintiffs") and the WEST COVINA UNIFIED SCHOOL DISTRICT ("District"), who, in consideration of the promises made herein, agree as follows:

## NATURE AND EFFECT OF AGREEMENT

1) This Agreement consists of a compromise and settlement by the parties of both A.G.'s and S.G.'s respective claims against the District arising from the dispute described in Paragraph 2, and a release given by A.G. and S.G. to the District relinquishing both A.G.'s and S.G.'s claims, either collectively or individually, against the District. In addition, any claims by the District against A.G. or S.G. are hereby relinquished. By executing this Agreement, all of the parties intend to and do hereby extinguish the obligations heretofore existing between them.

## NATURE AND STATUS OF DISPUTE

2) (a) A.G. is a 17-year-old student residing within the jurisdictional boundaries of the District. On or about December 26, 2007, A.G., by and through his mother S.G., filed a request for due process hearing with the Office of Administrative Hearings ("OAH"), bearing case number N2007120717, concerning the District's provision of a free appropriate public education ("FAPE"). Following OAH's decision, A.G. and S.G. initiated an action in the United States District Court bearing case number CV 08-06258. A.G. and S.G. subsequently dismissed without prejudice case number CV 08-06258, pending settlement negotiations.

(b) On or about September 12, 2008, the District filed a request for due process hearing with OAH seeking a determination that it had offered A.G. a FAPE for the 2008-2009 school year. A decision in that case was issued on or about June 26, 2008.

(c) A.G. and S.G. subsequently filed a complaint in U.S. District Court for the Central District of California bearing case number CV 09- 2694 RGK (FMOx), appealing the decisions of OAH in case N2007120717 and 2008090480. A.G. and S.G., both in her individual capacity and as next

friend, also asserted claims against the District under the Individuals with Disabilities Education Act, the Americans with Disabilities Act, section 504 of the Rehabilitation Act of 1973, and sought recovery of attorneys' fees in all actions.

(d) On May 11, 2009, the District held an IEP team meeting, and amended its offer of placement and services to A.G., from that date forward. The offer was amended on June 24, 2009, after reviewing the LMB assessment report at an IEP team meeting. The District offered to A.G. services from Lindamood-Bell ("LMB") for the Extended School Year 2009 ("ESY"), to be provided at LMB in Pasadena, and throughout the 2009-1010 school year, to be provided on campus for two hours daily. Although A. G. attended ESY 2009 with LMB, Plaintiffs continue to dispute the District's offer of placement and services as inappropriate.

(e) The District maintains that its May 11, 2009 offer of placement and services, amended on June 24, 2009, constitutes a free appropriate public education for A.G.

(f) The purpose of this Agreement is to relieve the District of any and all educational obligations, past, present and future, that it has now and that it continues to have until A.G. turns 22 years old in exchange for the valuable consideration, as set out in this Agreement, and to settle any and all educational claims, disputes or causes of actions that Plaintiffs have against the District or which may later accrue up to and through December 30, 2013, when A.G. turns 22 years old, as well as to settle any claims that District may have against Plaintiffs.

## COMPROMISE

3) Plaintiffs, in consideration of the promises and concessions made to the District, hereby compromise and settle any and all past, present, or future claims, demands, obligations, or causes of action, whether based on tort, contract, or other theories of recovery, which that Plaintiffs have, or which may later accrue to or be acquired by that Plaintiffs, against the District, and the District's predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners, and trustees, regarding the provision of an education, including all rights and responsibilities under the Individuals with Disabilities Education Act, California Education Code sections 56500 *et seq.*, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973 related to the present dispute (U.S. District Court for the Central District of California case number CV-09 2694 RGK (FMOx)), which is described in paragraph 2, any and all disputes, causes of actions, or claims, whether known or unknown, Plaintiffs have or may have or which may later accrue against the District related to the provision of an education, and/or a release given by Plaintiffs for any obligations that the District has, or which the District may have, up to and through December 30,

{SR020874.DOC}  2  

2013, other than those set forth in this Agreement, on the following terms and conditions:

(a) Parties agree that within 3 days of Board ratification of this Agreement, they will jointly request, on terms provided in this Agreement, dismissal with prejudice of case number CV 09-2694 RGK (FMOx) in accordance with the terms of this Agreement, and that the United States District Court for the Central District of California approve this Compromise and Release Agreement and retain jurisdiction over this Agreement to resolve any and all disputes that may arise in the implementation of the terms of this Agreement, including, but not limited to, any claim that the trustee has improperly denied or delayed funding for goods or services or any claim that funds have been used for noneducational purposes. Any dispute resolved by the United States District Court shall be subject to prevailing party attorney fees. Board ratification of this Agreement shall occur no later than September 22, 2009, so long as Plaintiffs provide a signed copy of this Agreement to the District by September 16, 2009 by 12:00 pm. Counsel for the District will draft and file the joint request and any necessary supporting documentation, and will coordinate scheduling for any hearings that may be required.

(b) Contingent upon the Court's approval of the executed Agreement and retained jurisdiction in accordance with paragraph 3(a) above, A.G. and S.G., both in her individual capacity and as next of friend to A.G., shall:

(1) Agree that A.G. is now, and will be during any period in which the California Education Code establishes his residency as WCUSD, a parentally placed private school student and/or a student educated in a homeschooled program in which S.G. is registered with the State of California, who has no right to receive a FAPE from the District, thereby waiving any and all rights A.G. may have to receive a FAPE from the District for the 2009-2010, 2010-2011, 2011-2012, and 2012-2013, school years, which includes Extended School Years for each of these school years, and for the 2013-2014 school year until December 30, 2013, when A.G. turns 22 years old. Nothing in this Agreement precludes A.G. from seeking services from other public, private or nonprofit agencies for which A.G. may qualify for services.

(2) Acknowledge and agree that this Agreement releases the District from providing services to A.G. until he ages out of special education eligibility at the age of 22, which shall include a release provided by A.G. and S.G. to any and all schools sponsored by the District, including charter schools San Jose Edison Academy and California Virtual Academy, as well as any future charter school

{SR020874.DOC}                                    3                              

which may be created by the District or in which the District provides special education services.

(3) Agree that if A.G. chooses to use all funds that are provided for his education in the educational trust account described in Paragraph (3)(b)(1), prior to his turning age 22 on December 30, 2013, then A.G. and S.G. specifically, knowingly, and voluntarily waive any and all claims for educational services A.G. may have for the District to provide educational services, for those time periods in which exhaustion of the educational trust funds has occurred. By this Agreement, Plaintiffs specifically release the District from any further obligations that it may have to provide to A.G. a FAPE, until he turns 22 years old.

(4) Waive and release the District from any and all responsibilities it may have to A.G. prospectively, other than reimbursements pursuant to this agreement, until A.G. turns 22 years old on December 30, 2013. Specifically, A.G. and S.G. agree that as a student educated in a homeschooled program in which S.G. is registered with the State of California, parentally placed private school student, or potentially in the future a nonresident, the District will be released from any present and future obligations to A.G. in providing A.G. with a FAPE, until he ages out of eligibility for special education and related services at the age of 22 years old, and that A.G. will no longer have the right to assert any claim against the District with regard to the provisions of a FAPE, or under any and all federal and/or State law, which shall include but is not limited to IDEA, Section 504, the Americans with Disabilities Act, California Education Code section 56000, *et seq.*, and the Unruh Act.

(5) Agree that any and all contracted educational services provided to A.G. currently shall be terminated, and the District will no longer have any obligations to provide any educational services to A.G., except as outlined in Paragraph (3)(c)(1).

(6) Agree that 45 calendar days after December 30, 2013, the period for which educational expenditures are permitted, any unused funds in the educational trust shall revert back to the District, and the trust shall be dissolved.

(c) The District shall:

(1) Contingent upon the Court's approval of the executed Agreement and retained jurisdiction in accordance with paragraph 3(a) above, the District shall deposit, within two weeks of the Court's approval

{SR020874.DOC}  4  

of the executed Agreement and dismissal of this action with prejudice, into an educational trust account one hundred and eighty-three thousand dollars ($183,000.00) to be used for educational expenses incurred on behalf of A.G. up to December 30, 2013. The disbursement is being made with the good faith understanding that Plaintiffs will utilize the money to provide education and related services to A.G. The amount agreed upon shall be used by the holder(s) of educational rights for A.G. or nominee thereof, within his, her or their discretion, as long as the goods and services purchased are educational or are incidental costs incurred in order to access educational goods or services, as specified below, as verified by the Trustee of the educational trust. There is no monetary cap placed on the amount of goods and services that can be purchased for each school year. Educational expenses shall include: (a) tuition and fees; (b) therapies which constitute "related services" under IDEA including without limitation speech and language, occupational therapy, behavioral and counseling services; (c) instruction, tutoring, aide support, and/or educational or processing therapy services (d) vocational training and/or other transition services for young adults with disabilities through a public or private residential or nonresidential program; (e) curricular materials including without limitation books and computer software and hardware used in an educational program; (f) physical education, facility fees, and/or sports participation (g) test preparation courses; (h) education enrichment activities comparable to elective courses, including without limitation programs in areas such as music, photography and art; (i) field trips, (j) college visits; (k) school supplies; (l) transportation to and from and expenses incurred in connection with the above-referenced activities; (m) assessments.

The Trustee will evaluate the requests for reimbursement against the aforementioned agreed upon allowable expenses and pay them, or direct them to be paid, within 45 days of submission of expense verifications such as receipts or paid statements.

The Trustee of the educational trust shall be Greg Wedner, Karen E. Samman, or Karen M. Rezendes, from Lozano Smith, who may serve as a sole Trustee or as Co-Trustees, at the District's discretion. The Trustee shall be compensated by, and all costs associated with the establishment or maintenance of the trust shall be borne by the District. Any funds left in the educational trust 45 calendar days after December 30, 2013 shall revert back to the District, and the educational trust shall thereafter be dissolved.